## Moore's Appeal.

*Appeals—Interlocutory order—Appeal from report of county auditors—County commissioner's accounts.*

An order discharging a rule to strike off an appeal from the report of county auditors settling the accounts of county commissioners is interlocutory and no certiorari nor appeal lies until final judgment. Neither the Act of June 12, 1878, P. L. 208, nor the Act of May 11, 1901, P. L. 185, provides for an appeal or certiorari from such an order.

Argued Feb. 12, 1902. Appeal, No. 8, Jan. T., 1902, by Samuel H. Moore et al., from order of C. P. Delaware Co., March T., 1901, No. 158, discharging rule to strike off appeal from report of county auditors in the matter of the appeal of Samuel H. Moore et al., from report of county auditors. Be-

fore Mitchell, Dean, Fell, Mestrezat and Potter, JJ. Appeal quashed.

Rule to strike off appeal from report of county auditors. Before Johnson, P. J.

The facts are fully stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*William I. Schaffer*, with him *W. Roger Fronfield*, for appellant.—The appellants have the right to this appeal, (1) because the appeal from the auditors' report was improvidently allowed, and (2) because of the Act of May 11, 1901, P. L. 158; Catlin v. Robinson, 2 Watts, 373; Sykes v. Thornton, 152 Pa. 94.

*O. B. Dickinson*, with him *A. B. Geary* and *W. B. Broomall*, for appellee.—The order appealed from is not a definitive decree, nor has any final judgment been rendered in the cause. Therefore no appeal lies: Lewis v. Wallick, 3 S. & R. 411; Hill v. Irwin, 32 Pa. 314; People's Fire Ins. Co. v. Hartshorne, 84 Pa. 453; Hower's App., 127 Pa. 134; Lehigh Coal & Nav. Co.'s App., 112 Pa. 360.

Opinion by Mr. Justice Dean, October 13, 1902:

Under section 47 of the act of 1834 the county auditors settled and adjusted the accounts of the county commissioners of Delaware county for the year 1900, and filed the same in the court of common pleas, March 25, 1901. Under section 1 of the Act of June 12, 1878, which provides that ten or more taxpayers may appeal from the report within ninety days to the court of common pleas, on behalf of the county, S. H. Moore et al., appealed. On June 19, 1901, the court indorsed the appeal allowed, and on September 21, 1901, directed an issue as follows: "The court order and direct that the above stated case be put at issue, wherein the county of Delaware shall be plaintiff, and C. H. Marshall, William P. Hipple and W. F. Cutler, commissioners, shall be defendants, and that the said cause shall be at issue with the same force and effect as if the plaintiff had filed a statement of claim, making claim to all of

the moneys which have come or ought to have come to the county of Delaware through the official act or omissions of defendants during the period of account, from the audit of which the appeal is taken, and as if defendants had filed pleas of non-assumpsit, payment and set-off."

On the same day the issue was directed, the commissioners filed a petition to strike off the appeal, and a rule was granted to show cause why it should not be stricken off. On December 21, 1901, without reasons filed, or opinion, the court discharged the rule. On January 10, 1902, while the issue was still pending, this writ of certiorari was issued at the instance of commissioners.

One thing is clear, and that is, that the case is prematurely before us. However plain it may seem to us, that, either the petition for the appeal should have specified in detail wherein the auditors erred in their report, or the court in its order for the issue should have directed the county within a fixed period, say twenty or thirty days to specify that of which it complained, or in default of such specification, that the appeal be quashed and the issue dismissed, the order discharging the rule was interlocutory; no certiorari or appeal lies until final judgment. The proceeding is wholly statutory; certiorari or appeal does not lie until final judgment, unless sooner expressly given by the statute. To argue, that of right, this court shall inspect the order of the court below immediately after every order or decree in the course of the proceeding, is against all authority.

Under the act of 1878, whether providently or improvidently, the court allowed the appeal; the first proviso to the 1st section of that act says: " That the courts of common pleas may direct an issue to be tried by a jury upon whose verdict final judgment shall be entered, reserving the right of all parties to appeal to the Supreme Court as provided in other appeals." Not only is the act silent as to any review of the legality of orders or decrees preceding final judgment, but the plain implication from the proviso negatives any action by a court of review before final judgment. Whether we view the writ before us as writ of error, certiorari or an appeal, it is unavailing if taken while the appeal is still pending and undetermined. Starting with Lewis v. Wallick, 3 S. & R. 411, decided more than eighty years ago, a long unbroken line of decisions down

to. this day affirms the proposition, that an interlocutory order or decree is examinable after final judgment but not before.

In some cases, statutes allow appeals from interlocutory decrees, such as in bills for an account between alleged partners; decrees to open or refusing to open judgments; decrees awarding preliminary injunctions and perhaps in other cases ; but no process, by which such a case as this can be brought before this court at this time is provided by statute.

It is argued that the Act of May 11, 1901, P. L. 185, allows an appeal. That act enacts, that in appeals to the common pleas from settlements or reports made by county, borough or township auditors, "it shall be lawful for any party to except to any ruling or decision of the court upon any question or point of law that may arise ; and an appeal may be taken therefrom to the Superior or Supreme Court." We do not think that the intention of these words was to give to a party an appeal to this court from every interlocutory decree made in the proceedings below. It had been held, under the act of 1878, that the proceedings in the common pleas in such appeals were largely in the discretion of that court; this act sought to make its rulings subject to review by this or the Superior Court, and to that end directed in what manner they should be placed on record for review. To leave no doubt of the intention the proviso, immediately following the language quoted, says : " That such exceptions and appeals shall be governed and regulated by the laws now in force regulating exceptions and appeals to the Supreme and Superior Courts in civil cases." This at once destroys any supposed distinction in appeals between this and other civil cases, for it almost expressly says, they shall be on the same footing ; there may be an appeal or certiorari after final judgment but not before.

The hardship to the commissioners, from the order of the court below discharging the rule to show cause, is forcefully argued by their counsel, and would incline us, perhaps, to render a judgment, even at this stage relieving them, had we the power. Under the meager issue as framed, they are called upon to answer for all the moneys which have come or ought to have come to the county of Delaware through their official acts or omissions during the period covered by the auditors' report. When it is noticed, that the aggregate of the sums passed upon

by the auditors slightly exceeds $400,000, made up of hundreds of items running through the entire year, the issue compelling the commissioners to go to trial without a single specification of any item as illegally charged or credited, no order by the court that such specification should be placed of record, either in the allowance of the appeal or in the decree framing the issue, the hardship in calling upon them thus to answer is so obvious, that we think the court below, probably, intended by other order or decree before the trial to have the issue more specifically made up, and the complaint of the county set out with reasonable certainty. But we will not anticipate its further action or nonaction. All we can say is, that this writ must be quashed and it is quashed accordingly.